THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. VERNON WHITEHEAD AND GEORGIANNA VAN DOREN, PLAINTIFFS IN ERROR.

Submitted December 5, 1902—Decided February 24, 1903.

In the trial of a criminal case, it is error for the trial judge to say to the jury that they may consider the fact that the public, in a certain locality, think the defendants guilty, as corroborative of the particular facts proven in the cause.

On error to the Middlesex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *George S. Silzer.*

For the state, *John S. Voorhees,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. The defendants in this case were convicted of adultery at the Middlesex Quarter Sessions.

There are several assignments of error relating to the admission of testimony and to the charge of the court. But one of these exceptions need be considered, as it is sufficient to require a reversal.

The defendants' counsel requested the court to charge the jury as follows: "I ask your honor to direct the jury that they must only consider the case upon the evidence and in the language in which your honor charged a jury recently in another case—that it must not be upon suspicion and guesswork." On this request, the judge charged the jury as follows: "There is no question about that. The jury understand that we are here to try the case upon the evidence. It won't do, because of a general relation of intimacy between these parties, to say that therefore upon one or more of these

special occasions they have been guilty of adultery. If you have a general impression in your mind that they were guilty, or if you have an idea that the public in Washington think that they are guilty, because they are too intimate, that must not have anything to do with your verdict, excepting so far as it goes to corroborate the particular proven facts and circumstances clustering about this particular occasion which has been selected by the prosecutor for the time upon which he relies for the conviction."

The last clause of this response to the request of the defendants' counsel to charge is clearly erroneous. We know of no condition that can arise in the progress of a trial when it is proper for the court to state to the jury that they may consider facts not proven in the case in reaching a verdict upon the question of the guilt of the defendant upon trial. If the judge had charged the request as asked, by simply saying "I charge that," there would have been no error, and that was all that was required or called for by the request. It is impossible to believe that this statement by the court did not give the jury the impression that they had a right to consider the fact that the people about Washington had an impression that the defendants were guilty of the offence charged, and that under certain conditions they might consider that fact as evidential against the defendants in reaching their conclusion.

We know of no authority for such a statement, and judgment is reversed and a new trial granted.